**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 12-4600**

———————

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

     v.

SCOTT ALEXANDER SMALLWOOD,

                Defendant - Appellant.

———————

Appeal from the United States District Court for the District of Maryland, at Greenbelt.  Roger W. Titus, District Judge.  (8:10-cr-00334-RWT-1)

———————

Submitted:  May 15, 2013              Decided:  May 24, 2013

———————

Before GREGORY, DUNCAN, and KEENAN, Circuit Judges.

———————

Affirmed by unpublished per curiam opinion.

———————

Nicholas J. Vitek, VITEK LAW LLC, Baltimore, Maryland, for Appellant.  Rod J. Rosenstein, United States Attorney, Antonio J. Reynolds, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Scott Alexander Smallwood pled guilty to two counts of producing child pornography, in violation of 18 U.S.C.A. § 2251(a) (West Supp. 2013). The district court sentenced him to the statutory maximum of 360 months on one count and to a consecutive 300 months on the other count, for a total 660 months. The sentence represented a variance of 333 months above the top of the advisory Guidelines range established at sentencing. Smallwood challenges the procedural and substantive reasonableness of his sentence. We affirm.

We review a sentence, "whether inside, just outside, or significantly outside the Guidelines range[,] under a deferential abuse-of-discretion standard." Gall v. United States, 552 U.S. 38, 41 (2007). This review requires consideration of both the procedural and substantive reasonableness of a sentence. Id. at 51. We must assess, among other things, whether the district court considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence. Id.; see United States v. King, 673 F.3d 274, 283 (4th Cir.) ("Every sentence requires an adequate explanation."), cert. denied, 133 S. Ct. 216 (2012). If the sentence is procedurally sound, then we consider the substantive reasonableness of the sentence, "tak[ing] into account the

2

totality of the circumstances, including the extent of any variance from the Guidelines range." Gall, 552 U.S. at 51.

Smallwood first argues that the district court failed to address his nonfrivolous arguments in favor of a within-Guidelines sentence. However, our review of the joint appendix filed by the parties leads us to conclude that the district court considered and rejected Smallwood's arguments. Thus, the district court committed no procedural error.

Having concluded there is no procedural error, we next review the substantive reasonableness of the sentence, "examin[ing] the totality of the circumstances to see whether the sentencing court abused its discretion in concluding that the sentence it chose satisfied the standards set forth in § 3553(a)." United States v. Mendoza-Mendoza, 597 F.3d 212, 216 (4th Cir. 2010); see Gall, 552 U.S. at 51. Where, as here, "the sentence is outside the Guidelines range, the court may consider the extent of the deviation, but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." Gall, 552 U.S. at 51. Even if we would have imposed a different sentence, that fact alone will not justify vacatur of the district court's sentence. Id.

Smallwood asserts that the district court failed to explain sufficiently why a sentence 333 months above the top of

3

the Guidelines range—and 398 months longer than the 262-month sentence he requested—was appropriate, but the record belies his claim. The court discussed the § 3553(a) factors, first listing each factor and then explaining how that factor related to Smallwood's case. Smallwood also contends that the district court improperly relied on the unsupported assumption that all sex offenders have a high risk of recidivism and that the court failed to discuss the likelihood that he, in particular, would recidivate. Even assuming Smallwood is correct, "[w]hen, as here, a district court offers two or more independent rationales for its deviation, an appellate court cannot hold the sentence unreasonable if [it] finds fault with just *one* of these rationales." United States v. Evans, 526 F.3d 155, 165 (4th Cir. 2008). Moreover, contrary to Smallwood's assertion on appeal, we conclude that, given the wealth of evidence before the district court, the court did indeed consider the likelihood that Smallwood would recidivate upon his release.

Accordingly, taking into account "the totality of the circumstances," Gall, 522 U.S. at 51, we hold that the district court did not abuse its discretion in imposing an upward variance near the statutory maximum possible sentence and therefore affirm the district court's judgment. We dispense with oral argument because the fact and legal contentions are

4

adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED